**In the Interest of E.A.R., E.A.R., and I.D.A., Children.**

No. 10–06–00037–CV.

Court of Appeals of Texas, Waco.

June 14, 2006.

Jacob D. Davis, Corsicana, for Appellant/Relator.

James E. Lagomarsino, Johnson County Criminal Dist. Atty., Corsicana, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Anabertha Mederos Arias appeals the trial court's judgment ordering the termination of Arias's parental rights to her children, E.A.R., E.A.R., and I.D.A. We affirm.

The Texas Family Code requires an appellant of a state initiated termination order to file with the trial court, no later than 15 days after the final order is signed, a statement of points on which the appellant intends to appeal. TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2005). The statement can be combined with a motion for new trial. *Id.* We, as the "appellate court[,] may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points...." TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2005).

The final order of termination in this case was signed on January 30, 2006. Arias did not file the required statement of points and did not file a motion for new trial. In her brief, she attempts to raise three issues on appeal. After reviewing the record and the briefs filed in this appeal, a majority of the Court questioned whether the case was properly presented in the briefs, specifically questioning our

ability to address any issue raised in Arias's brief. TEX.R.APP. P. 38.9(b); *In re E.A.R.*, 188 S.W.3d 879 (Tex.App.-Waco 2006, order). The Court gave her 14 days to file a supplemental brief explaining why the issues in her initial brief should not be dismissed and the judgment affirmed. *Id.* Arias's supplemental brief does not convince us that we are able to address any of her issues in her initial brief without the required timely filed statement of points. The supplemental brief argues only that the case-law under the prior version of the statute did not prohibit the Court from addressing the issues.

Under the express terms of the amended statute, we cannot consider her issues or any other potential issue on appeal. *See* TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2005); *In re S.E.*, No. 04-05-00750-CV, 203 S.W.3d 14, 2006 WL 1004724, 2006 Tex.App. LEXIS 3079 (Tex. App.-San Antonio April 19, 2006, no pet. h.); *In re J.M.S.*, No. 06-05-00139-CV, 2005 WL 3465518, *1, 2005 Tex.App. LEXIS 10524, *2 (Tex.App.-Texarkana Dec. 20, 2005, no pet.) (mem.op.).

Arias's issues are dismissed, and the trial court's judgment is affirmed. *See Emich v. State*, 138 S.W.3d 398, 401 (Tex. App.-Waco 2004, no pet.); *Gray v. State*, 134 S.W.3d 471, 472 (Tex.App.-Waco 2004, no pet.).

Justice VANCE concurring.

BILL VANCE, Justice, concurring.

First, I note that this appeal is being decided without notice or submission. *See* TEX.R.APP. P. 39.9. Next, while I agree that Family Code subsection 263.405(i) compels the result reached in this case, I write separately to question that subsection's practical effects and constitutional implications in termination cases involving an indigent parent represented by appointed counsel.[1]

The analysis begins with subsection 263.405(b), which provides:

> Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.

TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2005). This subsection was enacted in 2001 as part of the legislature's express intent to address post-judgment appellate delays in termination cases. *See In re D.R.L.M.*, 84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied) (finding that legislature enacted § 263.405(b) to reduce post-judgment appellate delays, not to deprive appellate court of jurisdiction). But in 2005, the legislature amended section 263.405 by adding subsection (i), which provides:

---

**1.** Termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985); *e.g., In re D.R.L.M.*, 84 S.W.3d 281, 288 (Tex.App.–Fort Worth 2002, pet. denied) (strictly construing § 263.405(b) in favor of parent, given "constitutional magnitude" of the parental rights at stake). Parental rights are of constitutional dimension. *In re J.W.T.*, 872 S.W.2d 189, 194–95 (Tex. 1994). A parent's right to "the companionship, care, custody and management" of his or her children is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972)). "Termination of parental rights is traumatic, permanent, and irrevocable." *In re M.S.*, 115 S.W.3d 534, 549 (Tex.2003). After a six-month statutory period, termination orders are final and may not be challenged by direct or collateral attack. *See* TEX. FAM.CODE ANN. § 161.211 (Vernon 2002).

The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

Tex. Fam.Code Ann. § 263.405(i) (Vernon Supp.2005). This subsection was enacted in 2005 because of the legislature's displeasure with appellate decisions that allegedly undermined the legislature's intent in enacting subsection 263.405(b).[2]

The decisions referenced in this bill analysis appear to be those holding that an appellant's failure to file a statement of points in the trial court does not constitute a waiver of nonjurisdictional issues on appeal. *See, e.g., In re S.J.G.*, 124 S.W.3d 237, 240–43 (Tex.App.-Fort Worth 2003, pet. denied) (construing § 263.405(b) and finding "the apparent legislative intent be-

hind the statutory statement of points requirement is to give the trial court some way to determine whether an appeal is frivolous and thereby eliminate unmeritorious parental-termination appeals"); *In re D.R.L.M.*, 84 S.W.3d at 288–91 (same).

No one questions the legislature's desire to accelerate the disposition of termination proceedings, including appeals. But speed at the expense of due process warrants examination.

The right to appeal a termination order is statutory, not constitutional. *See* Tex. Fam.Code Ann. § 109.002 (Vernon 2002); *id.* § 263.405; *see also Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex.2005) (legislature has power to restrict right to appeal; Open Courts provision does not guarantee right to appeal); *accord Doleac v. Michalson*, 264 F.3d 470, 492–93 (5th Cir.2001) (holding that there is no due process right to appellate review in U.S. Constitution); *Able v. Bacarisse*, 131 F.3d 1141, 1143 (5th Cir.1998) (noting that "the right to appeal is a statutory right, not a constitutional right"). But "[h]istorically, the United

2. The House Committee Bill Analysis stated:

In 2001, the Texas Legislature established specific post-judgment procedures in an effort to decrease the amount of time that abused or neglected children have to spend in foster care. The Legislature required a losing party in a parental termination case to tell the trial court—in a timely-filed "Statement of Points"—what that party wished to complain about on appeal.

Unfortunately, recent appellate decisions have effectively repealed the Legislature's attempt to address the post-judgment delay issue. These appellate court decisions hold that the Legislature did not really mean what it said and that no adverse consequences flow from an appellant's failure to comply with this Legislature's 2001 enactment. These decisions frustrate the Legislature's goal to speed up the post-judgment process in parental termination cases in order to shorten the time to final resolution. HB 409 conclusively establishes that the Legislature expects litigants to comply with

Section 263.405(b) of the Family Code. Compliance, as the Legislature intended, would correct any wrongs 30 days after trial, as opposed to extending reversals months or years after a trial.

If a mistake is pointed out to the trial court that warrants a new trial, the trial court can immediately order a new trial, and the Legislature's goal to decrease post-judgment delays is accomplished. Encouraging appellants to ignore the post-judgment procedures enacted by the Legislature in 2001, not only increases the amount of time that abused and neglected children spend in foster care, it bogs down the appellate courts with mistakes that could have been quickly and easily corrected at the trial level.

House Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S.2005, *available at* http://www.capitol. state.tx.us/cgi-bin/tlo/textframe.cmd?LEG=79 & SESS=R & CHAMBER=H & BILL-TYPE=B & BILLSUFFIX=00409 & VERSION=2 & TYPE=A.

States Supreme Court has, without dispute, recognized that state intervention to terminate the relationship between a parent and child must be accomplished by procedures meeting the requisites of the Due Process Clause." *In re K.L.*, 91 S.W.3d 1, 5 & n. 12 (Tex.App.-Fort Worth 2002, no pet.) (citing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982); *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 24–32, 101 S.Ct. 2153, 2158–62, 68 L.Ed.2d 640 (1981); *Lassiter*, 452 U.S. at 37, 101 S.Ct. at 2165 (Blackmun, J. dissenting); *Lassiter*, 452 U.S. at 59–60, 101 S.Ct. at 2176 (Stevens, J. dissenting)). And "although a constitutional right may not exist, once a state undertakes to grant individuals certain rights, those rights are entitled to constitutional protection. Thus, once a state chooses to act and grants rights to its citizens, such rights cannot be withdrawn without consideration of applicable due process norms." *Id.*[3]

With this constitutional backdrop, I thus question whether subsection 263.405(i), as applied to certain termination cases—especially those cases involving indigent parents whose appointed appellate counsel is not the same as appointed trial counsel—passes constitutional muster because it can operate to deprive appellate review of any issues under its accelerated timetable.[4] *See S.J.G.*, 124 S.W.3d at 240–43 (not reaching appellant's claim that requiring statement of points to preserve issues for appellate review violated due process and equal protection, instead holding that failure to file statement of points was not jurisdictional defect preventing court from addressing issues on appeal). The following post-judgment timetable exists under the framework in section 263.405:

- Not later than 15 days after the final order is signed, the appellant must file a statement of points with the trial court. TEX. FAM.CODE. ANN. § 263.405(b).
- Not later than 20 days after the final order is signed, the appellant must file a notice of appeal with the trial court. *See* TEX. FAM.CODE. ANN. § 263.405(a), (b); *id.* § 109.002(a); TEX.R.APP. P. 26.1(b).
- Not later than 30 days after the final order is signed, the appellant must file any motion for new trial.[5] TEX.R. CIV. P. 329b(a).

---

**3.** The Fort Worth court cited the following applicable and noteworthy cases:

*M.L.B. v. S.L.J.*, 519 U.S. 102, 110–11, 117 S.Ct. 555, 561, 136 L.Ed.2d 473 (1996) (recognizing that although the federal constitution guarantees no right to appellate review, it is fundamental that once a state affords that right, it must be kept free of unreasoned distinctions that can only impede open and equal access to the courts); *Evitts v. Lucey*, 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985) (stating that when a state opts to act in a field where its action has significant discretionary elements, "it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause"); ... *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (stating that while there is no constitutional right to appellate review,

states that do grant appellate review must conduct proceedings in accordance with Due Process and Equal Protection Clauses). *In re K.L.*, 91 S.W.3d at 5–6 n. 16.

**4.** The right to effective assistance of counsel in termination cases is also of a constitutional dimension involving due process. *See In re E.L.Y.*, 69 S.W.3d 838, 840–41 (Tex.App.-Waco 2002, order); *In re B.L.D.*, 56 S.W.3d 203, 211–12 (Tex.App.-Waco 2001), *rev'd on other grounds*, 113 S.W.3d 340 (Tex.2003); *accord In re K.L.*, 91 S.W.3d 1, 4–13 (Tex. App.-Fort Worth 2002, no pet.) (holding that indigent person has due-process right to effective assistance of counsel); *In re J.M.S.*, 43 S.W.3d 60, 63 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

**5.** A motion for new trial does not extend the deadline for filing a notice of appeal or affida-

- Not later than 30 days after the final order is signed, the trial court "shall hold a hearing to determine whether: (1) a new trial should be granted; (2) a party's claim of indigence, if any, should be sustained; and (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code." Tex. Fam.Code Ann. § 263.405(d).
- Not later than 60 days after the final order is signed, the appellate record must be filed in the appellate court. Tex. Fam.Code. Ann. § 263.405(f).

In the Tenth Court of Appeals, it is not unusual for appointed appellate counsel to be different from appointed trial counsel in termination appeals involving an indigent parent. In those situations, if trial counsel does not file a statement of points, it is likely a practical impossibility for appointed appellate counsel to be able to file a statement of points within fifteen days after the termination order, as it is highly doubtful that the appellate record will have been prepared for appellate counsel to review to formulate a statement of points.[6] And in some cases, appellate counsel is not even appointed within fifteen days after the termination order, and unless appointed trial counsel has already filed a statement of points, its timely filing is factually impossible.[7] See, e.g., In re K.K., 180 S.W.3d 681, 684 (Tex.App.-Waco 2005, order) (noting that both parties' appellate counsel were appointed three to four months after termination order).

I also note that section 263.405 does not expressly provide a procedural vehicle for the trial court's actual review of an appealing party's statement of points. While the statement of points may be combined with a motion for new trial, subsection 263.405(d) does not mandate that the trial court consider them, though the obvious implication is that it should. That subsection mandates that a trial court determine within thirty days if a new trial should be

---

vit of indigence. Tex. Fam.Code. Ann. § 263.405(c).

**6.** Arias argues in her supplemental brief that, because the reporter's record was not filed until 16 days after the trial court's termination order, she would have been unable to prepare an adequately specific statement of points within the 15–day period. See Tex. Fam.Code Ann. § 263.405(i) ("a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal"). Although Arias has had the same appointed attorney at trial and on appeal, her argument highlights the trap that awaits newly appointed appellate counsel in termination appeals and the related due-process concerns.

**7.** In termination cases where appointed trial counsel does not handle the appeal and appellate counsel is appointed more than fifteen days after the termination order is signed (or within fifteen days but without sufficient information to file an informed statement of points), appointed trial counsel can insulate his or her conduct from appellate review by not including an ineffective assistance of counsel claim in the statement of points. In some cases, the only issue on appeal may be ineffective assistance of counsel. See, e.g., In re T.N.F., 191 S.W.3d 329 (Tex.App.-Waco 2006, order) (abating appeal to trial court for evidentiary hearing on sole issue complaining of ineffective assistance). But if trial counsel did not include that claim in the statement of points, the appellate court cannot consider it, and the entire procedure for appointment of counsel in termination cases will have been a "useless gesture." In its thorough examination of section 263.405(b)'s requirement for a statement of points, the Fort Worth court predicted that construing it as a jurisdictional requirement for appellate review "would be to build an ineffective assistance of counsel claim into termination cases where no statement of points is filed." S.J.G., 124 S.W.3d at 243 n. 2. And we recently noted that the enactment of subsection 263.405(i) would heighten the importance of effective assistance of counsel in the post-judgment stage of termination cases. See In re K.K., 180 S.W.3d 681, 683 n. 1 (Tex.App.-Waco 2005, order).

granted. But what if no motion for new trial was filed? An explicit statutory direction that the trial court hold a hearing on the statement of issues would clarify this subsection,[8] and a provision specifically addressing appointed counsel's participation in this critical post-judgment stage could alleviate and perhaps resolve these due-process concerns.

In conclusion, I question the procedural due-process aspects of the application of subsection 263.405(i) to this appeal, but because those constitutional issues are not directly before us, I concur in the affirmance of the trial court's termination order.

8. Another issue is whether trial courts are actually holding the hearing mandated by subsection 263.405(d). I cannot recall an appellate record reflecting such a hearing.