In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00093-CV


______________________________




IN THE INTEREST OF


H.H.H. AND E.A.H., CHILDREN




 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 31,854




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Dwane Eric Hotz has filed an appeal from the termination of his parental rights to H.H.H. 
and E.A.H. We have now reviewed the clerk's record. Section 263.405(b) of the Texas Family
Code requires an appellant to file, not later than the fifteenth day after a final order is signed, a
statement "of the point or points on which the party intends to appeal." Tex. Fam. Code Ann.
§ 263.405(b) (Vernon Supp. 2006). The Legislature added a new subsection, effective for appeals
filed after September 1, 2005, which provides that the "appellate court may not consider any issue
that was not specifically presented to the trial court in a timely filed statement of the points on which
the party intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2006). Here,
the judgment was entered August 21, 2006, and the notice of appeal was filed September 11, 2006. 

 The clerk's record contains no statement of points to be raised on appeal. We have contacted
the district clerk's office, and no such statement, either standing alone or with a motion for new trial,
exists. The statute does not terminate our jurisdiction over the appeal. However, in a situation such
as this, where no statement of points exists, under the express terms of the statute, there is no
contention of error that can be raised that we may consider on appeal. (1)

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: October 3, 2006

Date Decided: October 4, 2006


1. We note that our sister court in Fort Worth and Justice Vance at the court of appeals in
Waco have questioned the practical applications and constitutionality of this statute. See In re
D.A.R., No. 2-06-043-CV, 2006 Tex. App. LEXIS 7063 (Tex. App.--Fort Worth Aug. 10, 2006, no
pet. h.); In re E.A.R., No. 10-06-00037-CV, 2006 Tex. App. LEXIS 5092, at *3 (Tex. App.--Waco
June 14, 2006, no pet. h.) (Vance, J., concurring).