IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00407-CV

 

In the
Interest of D.M. and W.M.,

Children,

                                                                                    

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2005-3801-3

 



DISSENTING  Opinion



 








            The Clerk’s January 5, 2007 letter to
Moncrief notified her that her appeal would be dismissed unless she filed a
timely response showing grounds for continuing the appeal without a statement
of points.  On January 16, Moncrief filed a timely response that I believe
shows a meritorious ground—an otherwise violation of due process—for continuing
the appeal.  Because of that belief, and because I do not believe that Moncrief
was required to have made her due process argument in her February 5
appellant’s brief, I respectfully dissent to affirming the trial court’s
termination order.

            Specifically, the Clerk’s letter requested a
“brief or other response . . . showing grounds for continuing the appeal
without the required statement of points.”  Moncrief did exactly what the Clerk
requested; she filed what is fairly termed a “letter brief” and made her
arguments for continuing the appeal.  Next, there is no precedent for requiring
that Moncrief’s due process argument be raised in her appellant’s brief.  We
routinely request responses from parties to show grounds for continuing appeals,
and I am not aware of any instance where we have refused to address a party’s
response because it was not also raised in an appellant’s brief.

Furthermore, issues in an appeal are raised to
direct our attention to error in the trial court on which an appellant bases
her complaint.  See Tex. R. App.
P. 38.1(e).  A complaint on appeal must address specific trial court
errors.  See Velasquez v. Waste Connections, Inc., 169 S.W.3d 432, 439 (Tex. App.—El Paso 2005, no pet.); McGuire v. McGuire, 4 S.W.3d 382, 385 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).  At the time of the filing of her
appellant’s brief, Moncrief had no error to complain of regarding the
prosecution of her appeal without a statement of points.  Thus, I would address
the due process argument raised in her response, or I would grant leave for her
to file a supplemental appellant’s brief to raise her due process issue.  See
10th Tex. App. (Waco) Loc. R.
12(f).

            On the substance of Moncrief’s due
process argument, under the due process analysis set out and applied in In
re K.L., 91 S.W.3d 1, 4-13 (Tex. App.—Fort Worth 2002, no pet.), I would
hold that application of subsection 263.405(b)’s draconian fifteen-day time
frame and subsection 263.405(i) to Moncrief violates due process and allow her
to continue this appeal without a statement of points.[1] 
Slightly over a year ago, I wrote on this issue:

I thus question whether subsection 263.405(i), as
applied to certain termination cases—especially those cases involving indigent
parents whose appointed appellate counsel is not the same as appointed trial
counsel—passes constitutional muster because it can operate to deprive
appellate review of any issues under its accelerated timetable.

 

. . .

 

            In the Tenth Court of Appeals, it is
not unusual for appointed appellate counsel to be different from appointed
trial counsel in termination appeals involving an indigent parent.  In those
situations, if trial counsel does not file a statement of points, it is likely
a practical impossibility for appointed appellate counsel to be able to file a
statement of points within fifteen days after the termination order, as it is
highly doubtful that the appellate record will have been prepared for appellate
counsel to review to formulate a statement of points.  And in some cases,
appellate counsel is not even appointed within fifteen days after the
termination order, and unless appointed trial counsel has already filed a
statement of points, its timely filing is factually impossible.   

 

In re E.A.R., 201 S.W.3d 813, 816-17 (Tex. App.—Waco 2006, no pet.) (Vance, J.,
concurring) (footnotes and citations omitted).[2]

            Moncrief’s situation fits the trap
that I predicted would ensnare appointed appellate counsel—and, of course, the
appellant parent—in an indigent-parent case.  See id. at 817 n.6.  Her
appointed trial counsel withdrew soon after filing her notice of appeal, and
her appellate counsel was not appointed until twenty-one days after the
deadline for filing the statement of points.  In this situation, precluding
Moncrief’s appeal by applying subsections 263.405(b) and 263.405(i) cannot
comport with due process.  I therefore respectfully dissent to the affirmance
of the trial court’s termination order.

 

 

BILL VANCE

Justice

 

Dissenting opinion delivered
and filed August 15, 2007

 









[1]               “Historically, the United States
Supreme Court has, without dispute, recognized that state intervention to
terminate the relationship between a parent and child must be accomplished by
procedures meeting the requisites of the Due Process Clause.”  In re K.L.,
91 S.W.3d 1, 5 & n.12 (Tex. App.—Fort Worth 2002, no pet.) (citing Santosky
v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982); Lassiter
v. Dep’t of Soc. Servs., 452 U.S. 18, 24-32, 101 S.Ct. 2153, 2158-62, 68
L.Ed.2d 640 (1981); Lassiter, 452 U.S. at 37, 101 S.Ct. at 2165
(Blackmun, J. dissenting); Lassiter, 452 U.S. at 59-60, 101 S.Ct. at
2176 (Stevens, J. dissenting)).  And “although a constitutional right may not
exist, once a state undertakes to grant individuals certain rights, those
rights are entitled to constitutional protection.  Thus, once a state chooses
to act and grants rights to its citizens, such rights cannot be withdrawn
without consideration of applicable due process norms.”  Id.

 





[2]               Many of our sister courts have
joined in questioning the due process implications of subsections 263.405(b)
and 263.405(i).  See In re R.M., --- S.W.3d ---, ---, 2007 WL 1988149, *1 (Tex. App.—San Antonio July 11, 2007, no pet. h.); In re R.C., --- S.W.3d ---, ---, 2007 WL
1219046, at *2 (Tex. App.—Amarillo April 25, 2007) (Quinn, C.J., concurring); In re R.M.R., 218 S.W.3d 863, 864 (Tex. App.—Corpus
Christi 2007, no pet. h.); In re R.J.S., 219 S.W.3d 623, 626 (Tex. App.—Dallas
2007, pet. denied); Pool v. Tex. Dep’t of Fam. & Prot. Servs., --- S.W.3d ---, ---, 2007 WL 624556, at *2 (Tex. App.—Houston [1st Dist.] Dec. 14, 2006, no pet. h.) (mem. op.); In re D.A.R.,
201 S.W.3d 229, 230-31 (Tex. App.—Fort Worth 2006, no pet.); In re C.R.,
2006 WL 3114468, at *1 (Tex. App.—Fort Worth Nov. 2, 2006, no pet. h.)
(Livingston, J., concurring); In re S.E., 201 S.W.3d 14, 15 (Tex.
App.—San Antonio 2006, no pet.); In re H.H.H., 2006 WL 2820063, at *1
n.1 (Tex. App.—Texarkana Oct. 3, 2006, no pet.) (mem. op.).








enter style='text-align:center;tab-stops:center 3.25in left 3.3in 3.6in 3.9in 4.2in 4.5in 4.8in 5.1in 5.4in 5.7in 6.0in 6.3in'>Orange County, Texas

Trial Court No. B-010392-R

 



MEMORANDUM Opinion



 

          Billy Daniel McIntosh pleaded guilty to murder without the
benefit of a plea bargain.  The court
sentenced him to thirty years’ imprisonment. 
McIntosh’s counsel filed an Anders
brief contending that this appeal presents no issues of arguable merit.  McIntosh contends in a pro se brief that his guilty plea was not made “knowingly,
voluntarily, and intelligently” because his attorney failed to communicate two plea
offers to him and because his attorney failed to fully explain to him the
consequences of his plea.  However,
because the record does not support McIntosh’s contentions and because our
independent review of the record reveals no issues of arguable merit, we will
affirm the judgment.

          McIntosh’s allegation that his attorney failed to
communicate two plea offers to him is supported only by affidavits attached to
his pro se brief.  However, these affidavits are not part of the
appellate record, and we may not consider them. 
Hernandez v. State, 84 S.W.3d
26, 32 (Tex. App.—Texarkana 2002, pet. ref’d); James v. State, 997 S.W.2d 898, 901 n.5 (Tex. App.—Beaumont 1999,
no pet.).  Moreover, McIntosh filed three
postconviction motions requesting that the trial court set aside his conviction
and/or punishment.  He did not allege in
any of these postconviction motions that his attorney failed to communicate any
plea offer to him.  Accordingly, the
record does not support McIntosh’s allegation.

          McIntosh
also contends that his plea was involuntary because his attorney did not
adequately explain to him the consequences of his plea.  Specifically, McIntosh contends that his
attorney did not explain to him that he would be required to serve half his
sentence before he would even be eligible for parole.  Courts have rejected similar complaints due
to the speculative nature of parole attainment. 
See Ex parte Wilson, 716
S.W.2d 953, 958 (Tex. Crim. App. 1986); Curry
v. State, 861 S.W.2d 479, 483 (Tex. App.—Fort Worth 1993, pet. ref’d).

Moreover,
McIntosh characterizes counsel’s alleged failure to explain the applicable
parole law to him as ineffective assistance of counsel.  Such allegations must be “firmly founded in
the record.”  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999)).  Here, McIntosh’s counsel has not even had
the opportunity to admit or deny the truth of McIntosh’s allegation or to
provide counsel’s own recollection of their discussions regarding the
consequences of McIntosh’s guilty plea.  Cf. Campos v. State, 927 S.W.2d 232, 238
(Tex. App.—Waco 1996, no pet.).  Thus, we
cannot say that McIntosh’s contention is “firmly founded” in the record.

McIntosh’s
contentions do not present issues of arguable merit.  Our independent review of the record likewise
reveals no issues of arguable merit. 
Accordingly, we affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed August
 18, 2004

Do not publish

[CRPM]