IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00047-CR

 

Fred Franklin Alexander,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 21,126-361

 



MEMORANDUM  Opinion



 

Fred Franklin Alexander has filed a pro se
“Appellant’s Motion Requesting Permission to Appeal” relating to his 1992
felony conviction and 75-year sentence.

In a February 15, 2008 letter, we notified
Alexander that this cause was subject to dismissal for want of jurisdiction
because if his Motion is treated as both a notice of appeal and a motion to
extend time to file notice of appeal, it was not timely filed.  See Tex. R. App. P. 26.2(a)(1), 26.3.

Further, we notified him that if his Motion is
treated as an application for writ of habeas corpus, this cause was subject to
dismissal for want of jurisdiction because this Court does not have
jurisdiction over post-conviction writs of habeas corpus in felony cases.  See
Ex parte Martinez, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig.
proceeding) (intermediate court of appeals has no jurisdiction over
post-conviction writs of habeas corpus in felony cases) (citing Tex. Code Crim. Proc. Ann. art.
11.07(3)(a), (b) (Vernon 2005)); Self v. State, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same).

We warned Alexander that we might dismiss
this cause unless, within 21 days after the date of our letter, he showed
grounds for continuing it.  He has filed a response, but it does not show
grounds for continuing this cause.  Accordingly, we dismiss this cause for want
of jurisdiction.

 

PER CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Appeal dismissed 

Opinion delivered and
filed March 26, 2008

Do not publish

[CRPM]








 






 appellate review.  See Tex.
R. App. P. 33.1; see also In re E.A.R., 201 S.W.3d 813 (Tex.
App.—Waco 2006, no pet.); In re A.C.A., No. 13-05-00610-CV, 2006 Tex.
App. LEXIS 3759 (Tex. App.—Corpus Christi May 4, 2006, no pet.) (mem. op.).

Having failed to preserve any issues for
appellate review, Herrington’s issues are overruled, and the judgment of the
trial court is affirmed.[2]

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed March 21, 2007

 [CV06]









[1]
              Herrington voluntary relinquished parental rights to J.W.H. before
trial and appeals the termination order only as to C.B.K.





[2]
              The plain language of this statute compels the result reached in
this case.  Nonetheless, we join our sister courts in expressing concern over
the practical application and the constitutionality of this statute.  See Pool
v. Tex. Dep’t of Family & Protective Servs., No. 01-05-01093-CV, 2006 Tex. App. LEXIS 10654 (Tex. App.—Houston [1st Dist.] Dec. 14, 2006, no pet. h.) (mem. op.);
In re D.A.R., 201 S.W.3d 229, 230-31 (Tex. App.—Fort Worth 2006, no
pet.); In re C.R., No. 02-06-00099-CV, 2006 Tex. App. LEXIS 9571 (Tex. App.—Fort Worth Nov. 2, 2006, no pet. h.) (mem. op.) (Livingston, J., concurring); In
re S.E., 201 S.W.3d 14, 15 (Tex. App.—San Antonio 2006, no pet.); In re
H.H.H., No. 06-06-00093-CV, 2006 Tex. App. LEXIS 8563 (Tex. App.—Texarkana Oct. 3, 2006, no pet.) (mem. op.); In re N.L.G., No. 06-06-00066-CV, 2006 Tex. App. LEXIS 10623 (Tex. App.—Texarkana Oct. 23, 2006, no pet. h.) (mem. op.); see
also In re E.A.R., 201 S.W.3d 813, 814, 818 (Tex. App.—Waco 2006, no pet.)(Vance,
J., concurring).

Termination
of parental rights is a drastic remedy of constitutional magnitude.  In re
J.W.T., 872 S.W.2d 189, 194-95 (Tex. 1994); Spangler v. Texas Dep’t. of Protective & Regulatory. Servs., 962 S.W.3d 253, 256 (Tex. App.—Waco 1998, no pet.).  The Supreme Court of the United States has recognized that
parental-rights termination cases are to be governed by the requisites of the
Due Process Clause.  Santosky v. Kramer, 455 U.S. 745, 752, 102 S. Ct. 1388, 1394, 71 L. Ed. 2d 599 (1982).  The accelerated time for appeal and filing of
a specific statement of point of appeals with the trial court are a
substantial burden on indigent parents seeking to appeal a termination order.  See
E.A.R., 201 S.W.3d at 816-17(Vance, J. concurring); In re S.J.G.,
124 S.W.3d 237, 240-43 (Tex. App.—Fort Worth 2003, pet. denied).