

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00137-CV

## IN THE INTEREST OF A.B., A CHILD

**From the 82nd District Court**
**Robertson County, Texas**
**Trial Court No. 08-04-18,077-CV**

## MEMORANDUM OPINION

Elex B. appeals the trial court's order terminating the parent-child relationship between him and his child, A. B. Elex brings a single issue. Elex contends that there is insufficient evidence to support the termination of his parental rights. Because Texas Family Code Section 263.405(b) is not unconstitutional as applied to him since his complaint regarding the sufficiency of the evidence is not meritorious, he did not receive ineffective assistance of counsel for failing to file a statement of points of error on appeal. Therefore, due to Elex's failure to file a statement of points of error on appeal pursuant to Section 263.405(b), there is nothing for us to review. We affirm the judgment of the trial court.

*Statement of Points*

Elex did not file a statement of points of error for purposes of appeal with the trial court as required by Texas Family Code Section 263.405(b). TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). The Code further provides that an appellate court is to consider only those issues presented to the trial court in a timely filed statement of points. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008). We must first determine, then, whether we are able to consider Elex's legal and factual sufficiency challenges to the termination order.

The trial court signed the order of termination on April 7, 2009. Elex's trial counsel filed a notice of appeal only on April 30, 2009. His trial counsel then filed a motion to withdraw as counsel on May 11, 2009. Elex's appellate counsel was appointed to represent him on that same day. The statement of points of error for appeal was due to be filed on April 27, 2009. Elex does not raise an ineffective assistance of counsel claim in his appellate brief nor does he raise a challenge that Section 263.405 is unconstitutional as applied to this appeal. Rather, Elex makes a blanket claim that *In re J.O.A.* held that Section 263.405 is unconstitutional as to any complaints regarding the sufficiency of the evidence. *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009).

We do not agree with Elex's assumption that *J.O.A.* eliminates the need to comply with Section 263.405 or that its holding gives us the unrestrained ability to ignore the absence of a statement of points of error on appeal. Rather, *J.O.A.* determined that Section 263.405(i) is unconstitutional as applied, which is a case-specific

analysis. This would normally require preservation, and certainly requires presentation to the appellate court as an issue on appeal.

Having presented no issue that counsel was ineffective for failing to file a statement of points of error on appeal and that as applied in this proceeding the requirements of Section 263.405 are unconstitutional, we could simply affirm the judgment due to the absence of the statement of points. We recognize, however, that counsel would then assert those issues in a supplemental brief on a motion for rehearing and because the issue raised lacks merit, as will be explained below, it would unnecessarily delay the ultimate disposition of this appeal. Based on the foregoing, we will use Rule 2 to expedite the disposition of this appeal. *See* TEX. R. APP. P. 2.

We agree that the Texas Supreme Court's recent decision in *In re J.O.A.* states that "section 263.405(i) is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order." *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009). However, *In re J.O.A.* is an ineffective assistance of counsel case, wherein the Court held that an ineffective assistance of counsel claim may be raised on appeal when there is a failure to file the statement of points of error by trial counsel which precluded the court from considering a *meritorious* complaint regarding insufficiency of the evidence. The Court held that in a situation where the evidence is insufficient, the failure to file a statement of points of error on appeal meets both prongs of the *Strickland* test for determining an ineffective assistance of counsel claim. *In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009). *See Strickland v. Washington*, 466 U.S. 668, 681, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

In answering the question of what constitutes ineffective assistance, the Supreme Court has adopted the two-pronged analysis of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*In re M.S.*, 115 S.W.3d. 534, 545 (Tex. 2003). Thus, an ineffective assistance of counsel claim requires a showing of a deficient performance by counsel so serious as to deny the parent a fair and reliable trial.

In assessing the prejudice prong of the appellant's claim of ineffective assistance of counsel, we must determine whether there is a reasonable probability that, but for counsel's failure to preserve error, the result of the proceeding would have been different. *In re J.O.A.*, 283 S.W.3d at 432 (*citing In re M.S.*, 115 S.W.3d. at 550). Such a review calls upon us to determine harm as if sufficiency had been preserved, under our established legal and factual sufficiency standards in parental-rights termination cases, understanding that the evidentiary burden in such cases is "clear and convincing." *Id.* at 433.

The trial court terminated the parent-child relationship between Elex and A. B. on six grounds enumerated in Texas Family Code 161.001 and a finding that termination was in A. B.'s best interest. TEX. FAM. CODE ANN. § 161.001 (Vernon 2008). If we find the evidence is legally and factually sufficient on one of the predicate

grounds for termination and that the evidence is legally and factually sufficient to support the finding of best interest, we will affirm the judgment of the trial court. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

*Legal and Factual Sufficiency*

Proceedings to terminate parental rights under the Family Code require proof by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(1) (Vernon 2008). Clear and convincing evidence is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2008); *In re J.O.A.*, 283 S.W.3d at 344.

When the legal sufficiency of the evidence is challenged:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient.

*In re J.O.A.*, 283 S.W.3d at 344 (*quoting In re J.F.C.*, 96 S.W.3d at 266).

> When the factual sufficiency of the evidence is challenged, only then is disputed or conflicting evidence under review. As we said in *J.F.C.*: "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not

reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*. The court of appeals should further explain in its opinion "why it has concluded that a reasonable factfinder could not have credited disputed evidence in favor of the finding." *Id.* at 267.

*In re J.O.A.*, 283 S.W.3d at 344-345.

***Texas Family Code Section 161.001(N)***

Elex complains that the evidence was legally and factually insufficient to support a finding that Elex constructively abandoned A. B. as set forth in Texas Family Code Section 161.001(N). TEX. FAM. CODE ANN. § 161.001(N) (Vernon 2008). Elex challenges only the first subparagraph of Section 161.001(N), which states that "the department or authorized agency has made reasonable efforts to return the child to the parent;…." *Id*. We will limit our consideration of this issue to subsection (i). *See In re E.A.R*, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Under section 161.001(1)(N)(i), returning a child to a parent does not necessarily mean that the child has to be physically delivered to that parent. *In re E.A.W.S.*, No. 02-06-00031-CV, 2006 Tex. App. LEXIS 10515, at *61 (Tex. App.—Fort Worth Dec. 7, 2006, pet. denied). *See also In re D.S.A.*, 113 S.W.3d 567, 573 (Tex. App.—Amarillo 2003, no pet.). "Reasonable efforts" to reunite parent and child can be satisfied through the preparation and administration of service plans. *See id*. at 570-72; *In re E.A.W.S.*, 2006 Tex. App. LEXIS 10515, at *61; *In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.).

Elex does not dispute that a family service plan was created, or that it became a court order. Elex also does not dispute the fact that he did not complete the service

plan. In fact, Elex's compliance with the service plan could not even be described as barely minimal. Elex did not keep in contact with the department. The department had even agreed to transport Elex to appointments, but Elex did not follow through by setting it up with the caseworker. We find the evidence is legally and factually sufficient that the department made reasonable efforts to return the child as required by Section 161.001(N)(i).

### *Best Interest of A. B.*

Elex also complains that the trial court's finding that termination was in the best interest of A. B. was legally and factually insufficient to support the order of termination.

It is well-settled that in deciding whether termination would be in the best interest of the child, the trial court may consider this nonexclusive list of factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). *See also In re S.N.*, 272 S.W.3d 45, (Tex. App.—Waco 2008, no pet.). It is unnecessary to prove all of

these factors as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

Prior to the removal, A. B. was voluntarily placed with a relative of Elex due to concerns surrounding the things that had transpired that resulted in termination of the parent-child relationship of A. B.'s siblings. These events occurred prior to A. B.'s birth. These children were not the biological children of Elex; however, he resided in the same home with them while these things occurred and continuously maintained a sporadic relationship with their mother. Elex also had a history of domestic violence and had been convicted for assaulting A. B.'s mother. A psychological evaluation showed that Elex did not want to make changes, his ability to parent was poor, and his elevation on an anger and physical aggression score was in the 95th percentile, which suggests a substantial problem with anger. Elex had admitted to having an uncontrolled anger problem, yet he had not attended more than one session of individual counseling nor the required batterer's intervention course. Elex had not visited with A. B. for almost eight months prior to the termination hearing. Elex was residing in his mother's home at the time of the hearing and was unemployed, as he had been for the majority of the case. Elex had another child that he generally visited twice a week. Elex provided support to his other child's mother, but had provided no support for A. B. during the pendency of the case.

Conversely, A. B. had resided with the same foster parents since her removal and they were hoping to adopt her. A. B. was ahead developmentally and thriving with the foster parents and the other children in the home.

We find that the evidence was both legally and factually sufficient to support the trial court's finding that termination was in the best interest of A. B. With this finding, any claim of ineffective assistance of counsel must fail because the result would not have been different had a statement of points of error been filed. We distinguish the Court's holding in *J.O.A.* from our holding here because Elex's complaint is not meritorious. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009); *C.f. In re M.S.*, 115 S.W.3d 534, 550 (Tex. 2003) (ineffective assistance of counsel not to preserve valid factual insufficiency complaint by filing a motion for new trial.). Therefore, we find that Section 263.405 is not unconstitutional as applied in this case, and the complaints as to legal and factual sufficiency were required to be set forth in a statement of points of error on appeal in order for us to consider them independently.

*Conclusion*

Because we have found the issue regarding the sufficiency of the evidence to not be meritorious, and because there is no likelihood that the result would have been any different if a statement of points of error on appeal had been filed, there was no ineffective assistance of counsel. Due to the absence of a statement of points of error on appeal, nothing is presented for our review. Therefore, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Justice Davis concurs in the judgment of the Court)
Affirmed
Opinion delivered and filed October 28, 2009
[CV06]