IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00137-CV

 

In the
Interest of A.B., a Child

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 08-04-18,077-CV

 



MEMORANDUM  Opinion










 

            Elex B. appeals the trial court’s
order terminating the parent-child relationship between him and his child, A.
B.  Elex brings a single issue.  Elex contends that there is insufficient
evidence to support the termination of his parental rights.  Because Texas
Family Code Section 263.405(b) is not unconstitutional as applied to him since
his complaint regarding the sufficiency of the evidence is not meritorious, he
did not receive ineffective assistance of counsel for failing to file a
statement of points of error on appeal.  Therefore, due to Elex’s failure to file
a statement of points of error on appeal pursuant to Section 263.405(b), there
is nothing for us to review.  We affirm the judgment of the trial court.

 

Statement of Points

            Elex did not file a statement of
points of error for purposes of appeal with the trial court as required by
Texas Family Code Section 263.405(b).  Tex.
Fam. Code Ann. § 263.405(b) (Vernon 2008).  The Code further provides
that an appellate court is to consider only those issues presented to the trial
court in a timely filed statement of points.  Tex.
Fam. Code Ann. § 263.405(i) (Vernon
2008).  We must first determine, then, whether we are able
to consider Elex’s legal and factual sufficiency challenges to the termination
order.

            The trial court signed the order of
termination on April 7, 2009.  Elex’s trial counsel filed a notice of appeal
only on April 30, 2009.  His trial counsel then filed a motion to withdraw as
counsel on May 11, 2009.  Elex’s appellate counsel was appointed to represent
him on that same day.  The statement of points of error for appeal was due to
be filed on April 27, 2009.  Elex does not raise an ineffective assistance of
counsel claim in his appellate brief nor does he raise a challenge that Section
263.405 is unconstitutional as applied to this appeal.  Rather, Elex makes a
blanket claim that In re J.O.A. held that Section 263.405 is
unconstitutional as to any complaints regarding the sufficiency of the
evidence.  In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009).

            We do not agree with Elex’s assumption
that J.O.A. eliminates the need to comply with Section 263.405 or that
its holding gives us the unrestrained ability to ignore the absence of a
statement of points of error on appeal.  Rather, J.O.A. determined that
Section 263.405(i) is unconstitutional as applied, which is a case-specific
analysis.  This would normally require preservation, and certainly requires
presentation to the appellate court as an issue on appeal.  

            Having presented no issue that counsel
was ineffective for failing to file a statement of points of error on appeal
and that as applied in this proceeding the requirements of Section 263.405 are
unconstitutional, we could simply affirm the judgment due to the absence of the
statement of points.  We recognize, however, that counsel would then assert
those issues in a supplemental brief on a motion for rehearing and because the
issue raised lacks merit, as will be explained below, it would unnecessarily
delay the ultimate disposition of this appeal.  Based on the foregoing, we will
use Rule 2 to expedite the disposition of this appeal.  See Tex. R. App. P. 2.

            We agree that the Texas Supreme
Court’s recent decision in In re J.O.A. states that “section 263.405(i) is
unconstitutional as applied when it precludes a parent from raising a
meritorious complaint about the insufficiency of the evidence supporting the
termination order.”  In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009).  However, In re J.O.A. is an ineffective assistance of counsel case,
wherein the Court held that an ineffective assistance of counsel claim may be
raised on appeal when there is a failure to file the statement of points of
error by trial counsel which precluded the court from considering a meritorious
complaint regarding insufficiency of the evidence.  The Court held that in a
situation where the evidence is insufficient, the failure to file a statement
of points of error on appeal meets both prongs of the Strickland test
for determining an ineffective assistance of counsel claim.  In re J.O.A.,
283 S.W.3d 336 (Tex. 2009).  See Strickland v. Washington, 466 U.S. 668, 681, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

            In answering the question of what
constitutes ineffective assistance, the Supreme Court has adopted the
two-pronged analysis of the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): 

First, the defendant must show that counsel's
performance was deficient. This requires showing that counsel made errors so
serious that counsel was not functioning as the "counsel" guaranteed
the defendant by the Sixth Amendment. Second, the defendant must show that the
deficient performance prejudiced the defense. This requires showing that
counsel's errors were so serious as to deprive the defendant of a fair trial, a
trial whose result is reliable.

 

In re M.S.,
115 S.W.3d. 534, 545 (Tex. 2003).  Thus, an ineffective assistance of counsel
claim requires a showing of a deficient performance by counsel so serious as to
deny the parent a fair and reliable trial.

            In assessing the prejudice prong of
the appellant's claim of ineffective assistance of counsel, we must determine
whether there is a reasonable probability that, but for counsel's failure to
preserve error, the result of the proceeding would have been different.  In
re J.O.A., 283 S.W.3d at 432 (citing In re M.S., 115 S.W.3d. at
550).  Such a review calls upon us to determine harm as if sufficiency had been
preserved, under our established legal and factual sufficiency standards
in parental-rights termination cases, understanding that the evidentiary
burden in such cases is "clear and convincing."  Id. at 433.

            The trial court terminated the
parent-child relationship between Elex and A. B. on six grounds enumerated in
Texas Family Code 161.001 and a finding that termination was in A. B.’s best
interest.  Tex. Fam. Code Ann. §
161.001 (Vernon 2008).  If we find the evidence is legally and factually
sufficient on one of the predicate grounds for termination and that the
evidence is legally and factually sufficient to support the finding of best
interest, we will affirm the judgment of the trial court.  See In re A.V.,
113 S.W.3d 355, 362 (Tex. 2003).

Legal and Factual Sufficiency

Proceedings to terminate parental rights under the
Family Code require proof by clear and convincing evidence. Tex. Fam. Code Ann. § 161.001(1)
(Vernon 2008).  Clear and convincing evidence is "proof that will produce
in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established."  Tex. Fam. Code Ann. § 101.007 (Vernon 2008); In re J.O.A.,
283 S.W.3d at 344.

When the legal sufficiency of the evidence is
challenged: 

 

[A] court should look at all the evidence in the
light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that its finding was true.
To give appropriate deference to the factfinder's conclusions and the role of a
court conducting a legal sufficiency review, looking at the evidence in the
light most favorable to the judgment means that a reviewing court must assume
that the factfinder resolved disputed facts in favor of its finding if a
reasonable factfinder could do so. A corollary to this requirement is that a
court should disregard all evidence that a reasonable factfinder could have
disbelieved or found to have been incredible. This does not mean that a court
must disregard all evidence that does not support the finding. Disregarding
undisputed facts that do not support the finding could skew the analysis of
whether there is clear and convincing evidence. If, after conducting its legal
sufficiency review of the record evidence, a court determines that no
reasonable factfinder could form a firm belief or conviction that the matter
that must be proven is true, then that court must conclude that the evidence is
legally insufficient.

 

In
re J.O.A., 283 S.W.3d at 344 (quoting
In re J.F.C., 96 S.W.3d at 266).


When the factual sufficiency of the evidence is
challenged, only then is disputed or conflicting evidence under review. As we
said in J.F.C.: "If, in light of the entire record, the disputed
evidence that a reasonable factfinder could not have credited in favor of the
finding is so significant that a factfinder could not reasonably have formed a
firm belief or conviction, then the evidence is factually insufficient." Id. The court of appeals should further explain in its opinion "why it has
concluded that a reasonable factfinder could not have credited disputed
evidence in favor of the finding." Id. at 267.

 

In
re J.O.A., 283 S.W.3d at 344-345.

 

Texas Family Code Section 161.001(N)

            Elex complains that the evidence was legally and factually
insufficient to support a finding that Elex constructively abandoned A. B. as
set forth in Texas Family Code Section 161.001(N).  Tex. Fam. Code Ann. § 161.001(N) (Vernon 2008).  Elex
challenges only the first subparagraph of Section 161.001(N), which states that
“the department or authorized agency has made reasonable efforts to return the
child to the parent;….”  Id.  We will limit our consideration of this
issue to subsection (i).  See In re E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

            Under section 161.001(1)(N)(i),
returning a child to a parent does not necessarily mean that the child has
to be physically delivered to that parent.  In re E.A.W.S., No.
02-06-00031-CV, 2006 Tex. App. LEXIS 10515, at *61 (Tex. App.—Fort Worth Dec.
7, 2006, pet. denied).  See also In re D.S.A., 113 S.W.3d 567, 573 (Tex.
App.—Amarillo 2003, no pet.).  "Reasonable efforts" to reunite parent
and child can be satisfied through the preparation and administration of
service plans.  See id. at 570-72; In re E.A.W.S., 2006 Tex. App. LEXIS 10515, at *61; In re K.M.B., 91 S.W.3d 18, 25 (Tex. App.—Fort Worth
2002, no pet.).

            Elex does not dispute that a family
service plan was created, or that it became a court order.  Elex also does not
dispute the fact that he did not complete the service plan.  In fact, Elex’s
compliance with the service plan could not even be described as barely
minimal.  Elex did not keep in contact with the department.  The department had
even agreed to transport Elex to appointments, but Elex did not follow through
by setting it up with the caseworker.  We find the evidence is legally and
factually sufficient that the department made reasonable efforts to return the
child as required by Section 161.001(N)(i).

Best Interest of A. B.

            Elex also complains that the trial
court’s finding that termination was in the best interest of A. B. was legally
and factually insufficient to support the order of termination. 

It is well-settled that in deciding whether
termination would be in the best interest of the child, the trial court may
consider this nonexclusive list of factors: (1) the desires of the child; (2)
the emotional and physical needs of the child now and in the future; (3) the
emotional and physical danger to the child now and in the future; (4) the
parental abilities of the individuals seeking custody; (5) the programs
available to assist these individuals to promote the best interest of the
child; (6) the plans for the child by these individuals or by the agency
seeking custody; (7) the stability of the home or proposed placement; (8) the
acts or omissions of the parent which may indicate that the existing
parent-child relationship is not a proper one; and (9) any excuse for the acts
or omissions of the parent.  Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  See also In re S.N., 272 S.W.3d 45, (Tex. App.—Waco 2008, no
pet.).  It is unnecessary to prove all of these factors as a condition
precedent to parental termination.  In re C.H., 89 S.W.3d 17, 27 (Tex.
2002).

Prior to the removal, A. B. was voluntarily placed
with a relative of Elex due to concerns surrounding the things that had
transpired that resulted in termination of the parent-child relationship of A.
B.’s siblings.  These events occurred prior to A. B.’s birth.  These children
were not the biological children of Elex; however, he resided in the same home
with them while these things occurred and continuously maintained a sporadic
relationship with their mother.  Elex also had a history of domestic violence
and had been convicted for assaulting A. B.’s mother.  A psychological
evaluation showed that Elex did not want to make changes, his ability to parent
was poor, and his elevation on an anger and physical aggression score was in
the 95th percentile, which suggests a substantial problem with
anger.   Elex had admitted to having an uncontrolled anger problem, yet he had
not attended more than one session of individual counseling nor the required
batterer’s intervention course.  Elex had not visited with A. B. for almost
eight months prior to the termination hearing.  Elex was residing in his
mother’s home at the time of the hearing and was unemployed, as he had been for
the majority of the case.  Elex had another child that he generally visited
twice a week.  Elex provided support to his other child’s mother, but had
provided no support for A. B. during the pendency of the case.  

Conversely, A. B. had resided with the same foster
parents since her removal and they were hoping to adopt her.  A. B. was ahead
developmentally and thriving with the foster parents and the other children in
the home.  

We find that the evidence was both legally and
factually sufficient to support the trial court’s finding that termination was
in the best interest of A. B.  With this finding, any claim of ineffective
assistance of counsel must fail because the result would not have been
different had a statement of points of error been filed.  We distinguish the
Court’s holding in J.O.A. from our holding here because Elex’s complaint
is not meritorious.  See In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009); C.f. In re M.S., 115 S.W.3d 534, 550 (Tex. 2003) (ineffective
assistance of counsel not to preserve valid factual insufficiency complaint by
filing a motion for new trial.).  Therefore, we find that Section 263.405 is
not unconstitutional as applied in this case, and the complaints as to legal
and factual sufficiency were required to be set forth in a statement of points
of error on appeal in order for us to consider them independently.  

Conclusion

            Because we have found the issue
regarding the sufficiency of the evidence to not be meritorious, and because
there is no likelihood that the result would have been any different if a
statement of points of error on appeal had been filed, there was no ineffective
assistance of counsel.  Due to the absence of a statement of points of error on
appeal, nothing is presented for our review.  Therefore, we affirm the judgment
of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

            (Justice
Davis concurs in the judgment of the Court)

Affirmed

Opinion delivered and
filed October 28, 2009

[CV06]