

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00321-CV

## IN THE INTEREST OF J.C.B., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2008-1454-3**

## MEMORANDUM OPINION

After a bench trial, the trial court terminated the parental rights of Appellant to his son J.C.B. Appellant raises three issues in this appeal. We will affirm.

Appellant's motion for new trial and statement of points for appeal identifies the following points for appeal: (1-2) the evidence is legally and factually insufficient to support the finding that Appellant knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being; (3-4) the evidence is legally and factually insufficient to support the finding that Appellant knowingly engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; (5-6) the evidence is legally and factually insufficient to support the finding

that Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain return of the child; and (7) the trial court erroneously allowed hearsay and extraneous-act evidence.

In his brief, Appellant asserts the following issues:  (1) the trial court abused its discretion by denying the motion to intervene of Appellant's father and stepmother; (2) the trial court abused its discretion in terminating Appellant's parental rights because the evidence was uncontroverted that it was not in the best interest of the child to terminate contact with his parents; and (3) the trial court abused its discretion in terminating Appellant's parental rights because there is no clear and convincing evidence that termination was in the best interest of the child.

Appellant did not raise these issues in the trial court in his statement of points on appeal.  *See* TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008) ("The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.").  Because Appellant's three issues cannot be raised for the first time on appeal, we dismiss them.  *See In re D.W.,* 249 S.W.3d 625, 631 (Tex. App.—Fort Worth 2008), *pet. denied per curiam,* 260 S.W.3d 462 (Tex. 2008); *In re E.A.R.,* 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

We affirm the trial court's order of termination.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
[CV06]