IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00026-CV

 

In the
Interest of Z.J.C. and T.J.M.C., Minor Children

 

 



From the County Court at Law

Hill County, Texas

Trial Court No. 46156

 



O p i n i o n










 

            S.T. appeals the trial court’s
judgment terminating her parental rights to her two children, Z.J.C. and
T.J.M.C.  Because the evidence is sufficient to support the trial court’s
finding of a predicate act for termination and because the trial court did not
abuse its discretion in denying S.T.’s motion for continuance, the trial
court’s judgment is affirmed.

Background

            S.T.’s two children were removed from her home in Hill County in late January of 2008 because the condition of the home was deplorable.  S.T.
was admitted to the hospital on the same day of the removal, but when
discharged a few days later in early February, she moved to Palacios.  In late
March, she moved to Houston.  She missed court dates; she made excuses for not
visiting her children; she did not provide any monetary support for her
children; and she lacked interest in communicating with her children.  S.T.
never saw her children again.  

Statement of Points

            First we must address whether we may
consider any issues raised by S.T. on appeal.  

            The Texas Family Code requires an
appellant of a state-initiated termination order to file with the trial court,
no later than 15 days after the final order is signed, a statement of points on
which the appellant intends to appeal.  Tex.
Fam. Code Ann. § 263.405(b) (Vernon 2008).  We, as the "appellate
court[,] may not consider any issue that was not specifically presented to the
trial court in a timely filed statement of points…."  Id. §
263.405(i); In the Interest of E.A.R., 201 S.W.3d 813 (Tex. App.—Waco
2006, no pet.).  Although not labeled as a statement of points, S.T. presented
specific issues for review in her timely filed motion for new trial.  A
statement of points may be combined with a motion for new trial.  Tex. Fam. Code Ann. § 263.405(b-1)
(Vernon 2008).  S.T. later specifically adopted those issues as her statement
of points.  Thus, we consider those issues as timely filed points and proceed
to review only those issues on appeal.

            However, S.T. later attempted to add
more issues in an untimely filed statement of points and provided further additional
issues in her appellate brief.  None of the untimely raised issues challenge
the constitutionality of section 263.405(i) or complain that trial counsel was
ineffective for failing to file a statement of points.  See In the
Interest of J.O.A., No. 08-0379, 2009 Tex. LEXIS 250, 52 Tex. Sup. J. 714 (Tex. 2009).  Because none of the additional issues were specifically presented to the trial
court in the statement of points included within the motion for new trial, we
do not consider those additional issues.  See In the Interest of
E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Legal and Factual
Sufficiency Review

            In her first issue, S.T. contends the
evidence is legally and factually insufficient to support the trial court’s
finding of three predicate acts under section 161.001(1) of the Texas Family
Code.  Tex. Fam. Code Ann. §
161.001(1) (Vernon 2008).  Only one predicate act under section 161.001(1) is
necessary to support a judgment of termination when there is also a finding
that termination is in the child's best interest.  In re A.V., 113
S.W.3d 355, 362 (Tex. 2003).  In this case, the trial court made a finding that
termination was in the best interest of the children; and, as discussed later
herein, that finding is not properly challenged on appeal.  We therefore focus
on the challenge to the predicate act.

            One of S.T.’s complaints is that the
evidence is legally and factually insufficient to support a finding under
subsection (D) that she “knowingly placed or knowingly allowed the child(ren)
to remain in conditions or surroundings which endanger the physical or
emotional well-being of the child(ren).”  Tex.
Fam. Code Ann. § 161.001(1) (D) (Vernon 2008).  In this issue, S.T.
challenges all parts of subsection (D).  However, she only challenged the
“knowing” element of subsection (D) in her points contained within her motion
for new trial.  Therefore, whether the knowing element is legally or factually
sufficient is the only portion of this complaint that we consider.  The
remaining portion of this complaint is dismissed.  See In the
Interest of E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Standard of Review

            In conducting a legal sufficiency
review in a parental termination case: 

[A] court should look at all the evidence in the
light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that its finding was true. 
To give appropriate deference to the factfinder's conclusion and the role of a
court conducting a legal sufficiency review, looking at the evidence in the
light most favorable to the judgment means that a reviewing court must assume
that the factfinder resolved disputed facts in favor of its finding if a
reasonable factfinder could do so.  A corollary to this requirement is that a
court should disregard all evidence that a reasonable factfinder could have
disbelieved or found to be incredible.  This does not mean that a court must
disregard all evidence that does not support the finding.  Disregarding
undisputed facts that do not support the finding could skew the analysis of
whether there is clear and convincing evidence.  

 

In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting In re
J.F.C., 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in J.P.B.).

            In a factual sufficiency review,

[A] court of appeals must give due consideration
to evidence that the factfinder could reasonably have found to be clear and
convincing. . . . [T]he inquiry must be "whether the evidence is such that
a factfinder could reasonably form a firm belief or conviction about the truth
of the State's allegations."  A court of appeals should consider whether
disputed evidence is such that a reasonable factfinder could not have resolved
that disputed evidence in favor of its finding.  If, in light of the entire
record, the disputed evidence that a reasonable factfinder could not have
credited in favor of the finding is so significant that a factfinder could not
reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient.  

 

In re J.F.C., 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting In re C.H., 89
S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).




Applicable Facts

            Child Protective Services of Hill
County received two reports in late January of 2008, within days of each other,
of the physical neglect of S.T.’s two children.  When Beverly Gerke, an
investigator with Child Protective Services, interviewed the children, they
both told her that they did not have enough to eat and did not have water at
the house.  When she arrived at S.T.’s house, the house was cold.  There was a
terrible odor in the house.  There were rat feces in the kitchen.  There were
roaches everywhere.  The refrigerator had roaches in it.  There was some food,
but some of it was moldy.  There was not enough food to sustain a child.  It
was not a livable situation for any adult or child.  In the bathroom, the
commode was covered in feces.  There were feces on the floor.  There were also
trails of feces on the floor going to and from the back bedroom, which was
S.T.’s mother’s bedroom, and the bathroom.  There was not a room specifically
for the children.  On the day of the removal, S.T. appeared disoriented.

            S.T. proposed that the reason the
house was a mess was that she became sick in November and was so sick that she
was not aware the house was in that condition.  

            But S.T.’s cousin, Shirley, disputed
S.T.’s proffered reason for the condition of the house.  Shirley testified that
in August or September of 2007, she visited S.T.’s home and found it to be
“pretty nasty” and “pretty rough.”  She would not sit down anywhere.  She
observed roaches and trash on the floor.  At that time, Shirley did not venture
past the living room.  In November, S.T. and the children did not have
electricity in their home; and S.T. asked Shirley if they could spend the night
in Shirley’s guest house.  S.T. and the children spent one night with Shirley
but left after that night because of a disagreement S.T. had with Shirley’s
house rules.  Shirley observed that S.T. did not show any signs of being sick
that night.  

            A week before Christmas of 2007,
Shirley and her son stopped by S.T.’s house to leave Christmas gifts for the
children.  No one was home.  Shirley stated that the house was “just nasty
beyond comprehension.”  She stated that she saw rat feces and roaches during
this visit.  Later, just a few days prior to the removal of the children,
Shirley went back to S.T.’s house to pick up some papers for S.T.’s mother who had
been taken to the hospital.  S.T. “cussed [Shirley] out” because S.T. believed
she was more sick than her mother and that she was the one who needed to be
taken to the hospital, not her mother.  Shirley testified that S.T. did not
have any outward appearance of being sick.  S.T. was walking around and was not
incoherent.  Shirley stated that at that time, the house was so filthy she
called the police.  She believed that the house was not a safe environment for
the children.  

            Shirley further testified that after
the children were removed, she and her son went over to S.T.’s house to try to
clean it up for the children’s return.  But after removing six 30 gallon trash
bags full of trash from just the kitchen floor, Shirley gave up.  She stated
that the amount of filth in the house was not just weeks’ worth of filth; it
was months’ worth of filth.  

            Apparently, these months were not the
only time S.T.’s home was unclean.  At least one of S.T.’s children told
Shirley that they would move from “worse house to worse house.”

            S.T.’s mother testified that she was a
substitute teacher, had asthma, and was physically unable to clean the house
when she got home after work.  She stated that S.T. had become so wrapped up in
herself that she did not see what was going on with the rest of the family. 
S.T. expected the children who were 6 and 8 years old to do most of the
cleaning.  S.T.’s withdrawal had started in the summer of 2007.  S.T. would
just stay in her room and play video games.  

Application

            After looking at the evidence in the
light most favorable to the trial court's finding that S.T. knowingly
placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children, we hold that a reasonable trier of fact could have formed a firm
belief or conviction that the finding was true.  The evidence of S.T.’s
knowledge was legally sufficient.

            After giving due consideration to
evidence that the trial court could reasonably have found to be clear and
convincing, we hold that the evidence was such that the trial court could
reasonably form a firm belief or conviction that S.T. knowingly placed
or knowingly allowed the children to remain in conditions or
surroundings which endangered the physical or emotional well-being of the
children.  The evidence of S.T.’s knowledge was factually sufficient.

            S.T. further complains in her brief
that the trial court’s finding of best interest should be reversed.  This part
of S.T.’s issue was not specifically presented to the trial court in her
statement of points located in her motion for new trial and is dismissed.  Tex. Fam. Code Ann. § 263.405(i)
(Vernon 2008); see In the Interest of E.A.R, 201 S.W.3d 813, 814
(Tex. App.—Waco 2006, no pet.).

Conclusion

            Because the evidence was legally and
factually sufficient to support one predicate act, S.T.’s first issue is
overruled.

Continuance

            S.T.’s second issue contains two
parts.  In the first part of the issue, S.T. argues that the trial court abused
its discretion in denying her motion for continuance.  We begin by assuming
without deciding that the motion for continuance was properly supported by
affidavit in the form of counsel’s verification.[1] 
See Tex. R. Civ. P. 251. 
The decision to grant or deny a motion for continuance is within the trial
court's sound discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984).  Unless the record
discloses a clear abuse of that discretion, the trial court's action in granting
or refusing a motion for continuance will not be disturbed.  Villegas,
711 S.W.2d at 626; Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d
264, 292 n.142 (Tex. 2004). 

            It was alleged in S.T.’s motion for
continuance that the continuance was needed because counsel was unable to
contact S.T. until November 20, 2008 when the trial was scheduled for December 1, 2008.  Counsel requested additional time to prepare for trial.  At the hearing
on the motion, the trial court attributed the delay in communication with
counsel to S.T., stating that S.T. knew the Department was involved in the case
and could have received information from the Department had she tried.  The
trial court’s reason for the denial is amply supported by the record which
shows a history of S.T.’s unwillingness to do what was necessary to have her
children returned to her.  Therefore, we find the trial court did not abuse its
discretion in denying S.T.’s motion for continuance.  Even if the trial court
abused its discretion in denying the motion for continuance, S.T. cannot show
harm.  S.T. never alleged in her motion for continuance, her motion for new
trial, or in her brief on appeal how much time she needed or what other
resources could have been discovered had she had additional time to prepare for
trial.  What she would have done with more time was never asserted and thus
remains a mystery.

            In the second part of her issue, S.T.
argues that her due process rights were violated when the trial court denied
her motion for continuance.  This part of the issue was not specifically
presented to the trial court in S.T.’s statement of points contained within her
motion for new trial and is dismissed.  Tex.
Fam. Code Ann. § 263.405(i) (Vernon 2008); see In the Interest of
E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

            Because the trial court did not abuse
its discretion in denying S.T.’s motion for continuance, her second issue is
overruled.

 

Issues Dismissed

            S.T.’s last two issues, that she was
denied due process when she was denied a jury trial and that her trial counsel
was generally ineffective, were not specifically presented to the trial court
in her statement of points located in her motion for new trial and are
dismissed.  Tex. Fam. Code Ann. §
263.405(i) (Vernon 2008); see In the Interest of E.A.R, 201
S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

Conclusion

            Having overruled the issues properly
before us, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed July 22, 2009

[CV06]









[1] It
is unclear from the case law whether a verification of the motion can
substitute for a supporting affidavit as specified in the rule.  In this case,
the verification is not sufficient because it is not based on personal
knowledge and does not verify that the facts contained in the motion are true
and correct.  Rather, the verification only asserts that the allegations are
based on information and the belief of the affiant.  See Kerlin v. Arias,
274 S.W.3d 666, 668 (Tex. 2008); Humphreys v. Caldwell, 888 S.W.2d 469,
470 (Tex. 1994).